In re KYLE et al.

In re SWEETZER.

(Circuit Court. D. Massachusetts. December 22, 1910.)

Nos. 690, 7,811.

COURTS (§ 280*)—APPELLATE JURISDICTION—DETERMINATION.

The determination of its own jurisdiction has generally been left to the appellate court itself, and the Circuit Court will not refuse to allow an appeal for want of jurisdiction thereof in the Circuit Court of Appeals.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 816–818; Dec. Dig. § 280.*]

In the matter of Elbridge L. Sweetzer, bankrupt. Petition by Warren Ozro Kyle and another to revise rulings of the District Court was

dismissed, and they apply for allowance of appeal to the Circuit Court of appeals. Appeal allowed.

See, also, 181 Fed. 617.

Warren Ozro Kyle, pro se.

Fred Joy, for petitioner Dowse.

Hollis R. Bailey, for Hammond and others.

LOWELL, Circuit Judge. These were proceedings under the bankruptcy act of 1867 (Act March 2, 1867, c. 176, 14 Stat. 517). The assignees filed a petition in this court to revise the rulings of the District Court, which held them liable to the bankrupt estate for certain sums of money. The court dismissed the assignees' petition, and they have in due form sought the allowance of an appeal from this court to the Circuit Court of Appeals. The respondents object to the allowance of the appeal on the ground that, under the circumstances stated, no appeal lies from the Circuit Court to the Circuit Court of Appeals; the decision of the Circuit Court being final. The point of law involved in the decision of the District Court and of this court concerning the assignees' liability to the bankrupt estate is important and doubtful. To prevail in their objection, the respondents must persuade this court of two propositions:

First, that the petitioners have no right to the appeal which they seek; second, that this court, if so persuaded, should refuse to allow the appeal.

1. If this court was to pass generally upon the petitioners' right of appeal, it would probably decide that none exists. The Court of Appeals for this circuit appears to have held thus in Huntington v. Saunders, 72 Fed. 10, 18 C. C. A. 409. That the decision in Huntington v. Saunders is against them in the case at bar the petitioners do not seriously dispute, but they suggest that the decision has been in effect overruled by later decisions of the Supreme Court. I am unable to find any conflict between these cases and Huntington v. Saunders. If the question was before the court under ordinary conditions, I should hold that the petitioners had no right to an appeal.

2. To refuse allowance, this court must be persuaded, not only that the Circuit Court of Appeals is without jurisdiction of this appeal, but also that the Circuit Court should pass upon the limits of that jurisdiction. No case has been cited in argument where this court has refused to allow an appeal for want of jurisdiction thereof in the Circuit Court of Appeals. Generally, at least, the delimitation of its own jurisdiction has been left to the appellate court itself, and, under ordinary conditions, there it belongs. Convenience makes for this practice. If an appeal is allowed where the appellate court is without jurisdiction thereof, the respondent may move the appellate court to dismiss the appeal for want of jurisdiction. If, on the other hand, the appeal is denied where it should have been allowed, the appellant must seek a writ of mandamus from the appellate court directing the

allowance. The former proceeding is the less cumbrous method of deciding the question raised.

Without holding that the rule above stated is of universal application, I hold that in the case at bar the appeal should be allowed.