EASTERN STATES PETROLEUM CO., Inc., v. ASIATIC PETROLEUM CORPORATION et al.

District Court, S. D. New York.

Nov. 30, 1938.

122

Root, Clark, Buckner & Ballantine, of New York City, for plaintiff.

Cravath, deGersdorff, Swaine & Wood, of New York City, for defendants.

Bigham, Englar, Jones & Houston, of New York City, for witness Karel Van Zonneveld.

PATTERSON, District Judge.

The motion is to compel a witness to permit the plaintiff to inspect papers in his possession, as an incident to the taking of the deposition of the witness.

The action is a civil one under the Sherman Anti-Trust Act, 15 U.S.C.A. §§ 1–7, 15 note, for injunction and treble damages. The complaint, after charging that the plaintiff is in the business of purchasing crude oil, refining it and selling the refined products to purchasers abroad, that the plaintiff purchases the greater part of its crude oil from the Mexican Government, and that oil wells of a company affiliated with the defendant companies have been expropriated by the Mexican Government, goes on to charge that the defendants have combined and conspired to prevent the plaintiff from selling its products in foreign commerce by inducing the plaintiff's customers to break contracts and to refuse to make further purchases of the plaintiff's products, by threatening to seize the plaintiff's products in foreign countries, and by other measures set forth in the complaint. On December 9, 1938, coincident with commencement of the action, the plaintiff obtained an order under Rule 26, 28 U.S.C.A. following section 723c, for taking the deposition of one Van Zonneveld. Van Zonneveld, a resident of Great Britain temporarily here on business, is a director of Harris & Dixon, Ltd., a British company under contract to purchase oil products from the plaintiff for use in Great Britain. On examination he testified freely concerning conferences he had had with representatives of some of the defendants as well as with officials of the British Government, refreshing his memory from papers in his possession. He testified that although urged on various grounds to cease taking the plaintiff's products his company had finally determined to continue performance of the contract with the plaintiff. On advice of his attorneys he refused to permit the plaintiff to inspect memoranda made by him containing comments on what was discussed at the conferences and correspondence passing between him and other officers of his company. The refusal being presented to the court, an order was made that the papers be impounded with the attorneys for the witness, to await further order of the court. The witness returned to Great Britain. The plaintiff promptly made the present motion, asking for inspection of the impounded papers. The defendants and the attorneys for the witness oppose the motion. Two points have been argued: first, whether the court has power to compel inspection of papers belonging to a stranger to the action; second, whether the power, if it exists, should be exercised in the present case.

Rule 34 deals with discovery and inspection of documents independently of deposition. By that rule only documents in possession or control of a party to the action may be reached. But it seems plain that by virtue of other rules, Rule 26 and Rule 45, inspection of documents in possession of one who is not a party may be ordered as an adjunct to the deposition of the person who has the documents. Rule 45 deals with subpoenas, and in paragraph (d) it provides: "A subpoena commanding the production of documentary evidence on the taking of a deposition shall not be used without an order of the court." This is the same as saying that on order of the court the production of documents on the taking of a deposition may be compelled by appropriate subpoena. There is no express restriction to documents in possession of a party, and no reason exists for implying such a restriction. It necessarily follows that where a witness has documents with him at the deposition, in obedience to subpoena duces tecum, and a controversy arises whether he must reveal them, the court has power to compel the witness to permit inspection. I take it then that I have power to direct that Van Zonneveld's papers bearing on the controversy be made available for the plaintiff's inspection, inspection having been de-

manded when the deposition was taken and the demand being now repeated.

The question remains whether the power should be exercised here and now, over the protest of the witness that he as well as his company will be embarrassed and prejudiced by inspection of the papers. Rule 30 makes it clear that all phases of depositions on oral examination are to be subject to control by the court, to the end, among others, that a witness may be immune from undue annoyance, embarrassment or oppression.

The facts of this case are unusual. The plaintiff concedes that papers of the kind here involved, private papers made by the witness for his own use, will not be admissible in evidence at the trial, except to the extent that they may tend to show the state of mind of a customer said to have been subjected to pressure by the defendants. Greater New York Live Poultry Chamber of Commerce v. United States, 2 Cir., 47 F.2d 156. But the state of mind of this customer is of little significance, so far as presently appears, since it is shown by the deposition that any threats that may have been made by the defendants in this instance were of no avail. There is no contention that the witness is a hostile one and that use of the papers may impeach his testimony. His deposition does not show him to be a witness friendly to the defendants. Whether these infirmities in the plaintiff's claim for inspection should alone suffice to defeat the present motion need not be decided. An additional element in the case is that the witness may be seriously embarrassed by an inspection. It is borne in mind that the papers, while probably not covered by a privilege recognized by law, do consist of confidential memoranda made by the witness for his own use and confidential reports passing between him and other officers of his company. A number of them bear on conferences held with officials of his own government regarding policies of that government in international matters. There is substance to the claim that the witness may be gravely embarrassed abroad if his private papers are spread before the parties to this action. Nothing in the case suggests that the protest of the witness comes from any favor felt by him for the defendants. A balancing of the need of the plaintiff for inspection against the interest of the witness in the privacy of his thoughts, comments and criticisms committed to paper indicates that the weight is with the witness. The motion for inspection will accordingly be denied, the papers meanwhile to remain with the attorneys for the witness to await further developments in the case.