**UNITED STATES v. ZWILLMAN.**

No. 177.

Circuit Court of Appeals, Second Circuit.

Jan. 15, 1940.

·Before SWAN, AUGUSTUS N. HAND, and CLARK, Circuit Judges.

Arthur Garfield Hays, of New York City (Arthur Garfield Hays and Morris Shilensky, both of New York City, of counsel), for defendant-appellant.

John T. Cahill, U. S. Atty., of New York City (Jerome Doyle, Robert L. Werner, and William F. Young, Asst. U. S. Attys., all of New York City, of counsel), for the United States.

AUGUSTUS N. HAND, Circuit Judge.

In the month of August, 1939, the defendant-appellant appeared before a grand jury in the Southern District of New York pursuant to a subpœna which required him to·testify to all and everything which he might know in regard to an alleged violation of Section 88 of Title 18 of the United States Code, 18 U.S.C.A. § 88, which is the familiar statute denouncing conspiracies "to commit any offense against

the United States, or to defraud the United States in any manner or for any purpose." The proceeding was a grand jury investigation under the title of United States v. John Doe. After being sworn and giving some testimony the defendant was asked the following questions which he refused to answer on the grounds hereinafter stated:

"Q. Mr. Zwillman, who were your business associates in 1928? A. I refuse to answer on the ground it may tend to incriminate me.

"Q. Who were your associates in 1929? A. I refuse to answer on the ground it may tend to incriminate me.

"Q. Who were your business associates in 1930? A. I refuse to answer on the ground it may tend to incriminate me.

"Q. Who were your business associates in 1931? A. I refuse to answer on the ground that it will incriminate me.

"Q. Who were your business associates in 1932? A. I refuse to answer on the ground that it will incriminate me."

██ Because of the defendant's refusal to answer the above questions he was presented by the grand jury for contempt. After receiving advice of counsel he persisted in his refusal and was adjudged guilty of contempt by a judge of the United States District Court and sentenced to six months' imprisonment, whereupon he took the present appeal. We hold that the judgment was erroneous and should be reversed.

In dealing with the presentment for contempt the court had before it only the questions which the defendant declined to answer and it expressly held that no other part of the testimony before the grand jury was relevant.

Defendant's counsel asked leave to examine his testimony before the grand jury in order to ascertain whether it did not show (as counsel alleged it did) that he had been engaged in the liquor business during the years in which he was asked to give the names of his business associates. Counsel also asked the court to examine the minutes to see whether the answers to the questions asked would not tend to incriminate the defendant, but the judge declined to do this. Counsel further asked leave to call as a witness a man named Baldwin, who he said had been making income tax investigations for the years involved, and also to call one Murray, who had previously testified at the trial in the case of United States v. Torrio that six men, of whom the defendant was one, had been engaged in illegal liquor activities during the last two years, i. e. 1937 and 1939.

The government objected to all these sources of proof and was sustained by the court. The Assistant District Attorney, who was in charge of the grand jury proceeding, was called as a witness by defendant's counsel and asked what was the purpose of the investigation and whether he was seeking to implicate the defendant but, on objection, these interrogatories were ruled out.

In the course of argument at the time of the presentment defendant's counsel stated that his client had been in the liquor business up to 1933 when the 18th Amendment, Const.U.S.C.A., was repealed. In view of that statement and the apparent assumption of all concerned, proof of who were defendant's associates in business might tend to establish a conspiracy to violate the revenue laws by failing to pay taxes, to affix stamps or to make returns under the applicable statutes. The repeal of the 18th Amendment would not validate violations of the internal revenue laws or conspiracies which had been carried on to effect such violations. Evidence necessary to show that defendant was engaged in a conspiracy during the years from 1928 to 1932 might well be supplied by proof of the names of business associates engaged in violating the laws relating to the manufacture or sale of liquor. If a conspiracy was shown in those earlier years it would continue unless abandoned and the defendant would have to prove abandonment in order to take advantage of the statute of limitations. Hyde v. United States, 225 U.S. 347, 368–370, 32 S.Ct. 793, 56 L.Ed. 1114, Ann.Cas.1914A, 614; United States v. Rollnick, 2 Cir., 91 F.2d 911, 918; Coates v. United States, 9 Cir., 59 F.2d 173, 174. The defendant claims, and we think with fair reason, that the answers sought would be a link in the chain of incriminating testimony and that he ought not to be compelled to give them—at least if he could show that he was likely to be endangered by answering. United States v. Burr (In re Willie) Fed.Cas.No.14692e; Counselman v. Hitchcock, 142 U.S. 547, 12 S.Ct. 195, 35 L.Ed. 1110.

It is true that the government was not obliged to disclose the testimony before the grand jury or to state the purpose of the inquest or whether prosecution of the defendant was proposed. But if it chose to

804

adopt such an attitude and to confine the defendant's defense only to showing that the questions asked were incriminating on their face, it could not put him in contempt for declining to answer so long as it prevented him from adducing evidence that might demonstrate that his answers were likely to form vital links in the proof of a conspiracy in which he was involved. In the present case the government prevented him from showing that his answers would tend to incriminate him and thereby deprived him of his right to a proper trial where he could offer evidence in his defense.

The government relies strongly on Mason v. United States, 244 U.S. 362, 37 S.Ct. 621, 61 L.Ed. 1198, but that decision is not controlling. Though it shows a tendency to limit the constitutional privilege to testimony directly incriminating, the question was not there raised as to the adequacy of the evidence upon which the trial court decided that the witness was not in danger. There all the evidence was known to the court which held that it was not sufficiently direct to justify the defendant in invoking his privilege. Here we do not know the evidence and the rulings of the court that only the questions themselves were material in a proceeding to punish for contempt effectually prevented it from being elicited.

The government also relies on Miller v. United States, 9 Cir., 95 F.2d 492, but there too the evidence necessary to determine whether the defendant's constitutional immunity might be invoked was not before the court. The case came up on the judgment roll without any bill of exceptions (page 493) and for that reason it was impossible to say whether the defendant there had been deprived of constitutional rights or whether she had improperly declined to answer when there was neither probability nor possibility that her answers would have shown her participation in a conspiracy.

 It may be argued that defendant has not sustained the burden of proof because he never took the stand or called the court stenographer to show that there was proof before the grand jury that he was engaged in unlawful liquor operations before and after 1933, nor put Murray on the stand to show that he was in the liquor business in years subsequent to 1933 with associates of earlier years. It is clear from the repeated statements of the trial judge that such testimony would have been excluded. Accordingly he was not required to adduce it because he was warned by the court that nothing was relevant on the presentment for contempt except the questions which he had refused to answer.

For the foregoing reasons the judgment of conviction cannot stand.