## UNITED STATES v. ST. PIERRE.
### No. 342.

Circuit Court of Appeals, Second Circuit.
June 24, 1942.

980

(Keith Brown, Sp. Atty., United States Department of Justice, of Counsel), for the United States.

Edward V. Broderick, for defendant-appellant.

Before SWAN, CHASE, and FRANK, Circuit Judges.

FRANK, Circuit Judge.

The appellant was sentenced to thirty days' imprisonment for refusing to answer a question put to him before the grand jury. He had testified that certain moneys found on his person were given to him by "Duke Farina," a bookmaker, to give to a New York business man as the proceeds of a bet placed with Farina by the business man. He then testified that, instead of paying the business man, he kept the money. On being asked to give the name of the business man, he refused, continuing to refuse after being ordered by the District Court to answer. When asked why he refused, he said that it was ninety-five percent fear of revenge and five percent fear of self-incrimination. He also said that his answer would give the United States Attorney no clues or leads to his commission of a federal crime.

It is immaterial that appellant's chief reason for refusing to answer was his fear of foul play. The fact that he thought himself in greater danger from the man whose name he was asked to disclose than from prosecution for crime did not deprive him of his privilege, if any, though it may have made him firmly determined to claim it. Nor is it material that appellant stated at several points that he had committed no federal crime; such a contradiction, especially by a nervous or excitable witness would not overcome a clear claim of privilege if he was otherwise entitled to the privilege.

But the asserted privilege is nonexistent when the answer sought would not tend to show the commission of a federal crime by the witness.[1] Here the evidence before the court below, consisting of a portion of the grand jury minutes, showed, at most, that appellant had criminally taken or withheld money belonging to one Duke Farina or belonging to some unknown person. He was asked and re-

Mathias F. Correa, U. S. Atty., Robert L. Werner and Silvio J. Mollo, Asst. U. S. Attys., all of New York City, and M. Joseph Matan, Sp. Asst. to Atty. Gen.

---

[1] That it would tend to show commission of a crime under State law is irrelevant. United States v. Murdock, 284 U. S. 141, 52 S.Ct. 63, 76 L.Ed. 210, 82 A. L.R. 1376; United States v. Murdock, 290 U.S. 389, 396, 54 S.Ct. 223, 78 L. Ed. 381.

fused to state the name of the unknown. We assume, arguendo, that, were the other elements of a federal crime present, the answer would aid in appellant's prosecution therefor, and that, in such circumstances, he would be privileged to refuse to answer. But, there is nothing shown which would render his conduct punishable under any federal statute. True, his counsel, in argument before the trial court and not under oath, asserted that appellant had transported the money to Canada, meaning, we assume, to indicate a violation of the National Stolen Property Act, 18 U. S.C.A. § 413 et. seq. However, there is no evidence of interstate or foreign transportation, and we, like the trial court, therefore, are left to speculate as to the existence of an essential element of the crime. We must be apprised, in some more dependable manner than the mere statement of counsel, how the answer will incriminate the witness before we can allow the suppression of the truth.

This is not a case where the witness, when cited for contumacy, was refused an opportunity to show to the judge the grand jury minutes, as in United States v. Zwillman, 2 Cir., 108 F.2d 802; he demanded no part of the minutes not put in evidence before the trial judge.

Affirmed.