## PARK BRIDGE CORPORATION v. ELIAS et al.

District Court, S. D. New York.

April 7, 1943.

Gustave Simons, of New York City, for plaintiff.

Shlivek & Brin, of New York City, for Karel Lederer, witness.

HULBERT, District Judge.

In connection with an examination by the plaintiff's attorney of Karel Lederer,—not a party, a subpoena duces tecum was served requiring the witness to produce certain documents, ten in number, which were used by the witness to refresh his recollection.

Objection was made to plaintiff's attorney inspecting these documents after such use by the witness and Judge Bright impounded the documents with the Clerk of the Court.

Plaintiff now moves to examine and make copies of these documents; they are written in a foreign language which the attorney for the plaintiff claims he can neither read, write, nor understand.

Upon this motion counsel for the witness asserted:

1. That the documents are such that they might incriminate him and for that reason are privileged.

From an inspection of a transcript of the testimony taken before Judge Bright it appears that the documents were handed over to counsel for the plaintiff without protest and he was thereby afforded an opportunity to read and study them if he had been conversant with the foreign language in which they were written; there is nothing in the record to show his inability to do so. But, it is not necessary for me to pass upon that question because Judge Bright in an opinion dated April 3, 1943, decided that this same witness must answer certain questions claimed by him to be self incriminatory, citing United States v. St. Pierre, 2 Cir., 128 F.2d 979.

Before me, counsel for the witness specifically reasserted that no claim to privilege because of incrimination was based upon any other ground than that asserted before Judge Bright.

2. The witness asserts that since he is not a party to this action the documents are

inadmissible as evidence and, therefore, plaintiff has no right to examine them.

Therefore, the remaining question left for my determination is, whether under the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, the documents may be examined and copied by the plaintiff.

██ Rule 34, which deals with the discovery and inspection of documents *independently* of an examination before trial, relates to parties only and not to witnesses and, therefore, is inapplicable. However, under Rule 26 both witnesses and parties may be examined before trial regarding any matter, not privileged, which is material to the subject matter involved in the action, and under Rule 45, both may be required to produce books, records and documents at such examination. It has been held that in a proper case books, records and documents thus produced by a witness may be *examined* by a party. Eastern States Petroleum Co. v. Asiatic Petroleum Corp., D. C., 27 F. Supp. 121

Whether this is a proper case for such an examination depends upon the facts. One of the causes of action pleaded in the complaint alleges, in substance, that the witness herein under examination, acquired possession of a check for $10,000 from the plaintiff by improper means and endorsed and delivered the same to the defendant Elias, who, although he had, or should have had knowledge of all the infirmities, cashed the check and collected the proceeds which plaintiff seeks to recover.

The defendant, Elias, an attorney, alleges as an affirmative defense, that the witness Lederer was indebted to one Herman Wozasek, a client of Elias; that the check was delivered in payment of such indebtedness, and that Elias took the check as a holder in due course.

Plaintiff contends there was no relationship of debtor and creditor between the witness and Wozasek but, on the contrary, that they were co-adventurers in a scheme to defraud.

It seems apparent, therefore, that any evidence tending to show what the relationship between these two persons was might have a direct bearing on the defense asserted by Elias and be material and relevant.

██ The documents in question purport to show the nature of that relationship. Accordingly it is my opinion that plain-tiff's attorney should be permitted to *inspect* them. The motion is, therefore, granted to that extent.

Since the documents are in the possession of the Clerk and are written in a foreign language, the order to be settled on notice, should contain a specific provision directing the Clerk of the Court to make a photostat copy of the documents and to employ a competent person to translate them into English at the expense of the plaintiff. Such translation shall be made available to the plaintiff for inspection and shall then be returned to the Clerk and included with the papers already impounded.