**In re ESTES.**

**No. 3803.**

United States District Court, N. D. Texas.
Dallas Division.

Dec. 22, 1949.

See also 86 F.Supp. 769.

Frank B. Potter, United States Attorney, Dallas, Tex., William Cantrell, Jr., Assistant United States Attorney, Dallas, Tex., O. M. Harrell, Assistant United States Attorney, Dallas, Tex., for the Order.

Carol King, New York, New York, S. S. Barbaria, Dallas, Texas, for respondent.

Frank B. Potter, United States Attorney, William Cantrell, Assistant United States Attorney, O. M. Harrell, Assistant United States Attorney, all of Dallas, Texas, for the Order;

Mrs. Carol King, New York, New York, S. S. Barbaria, Dallas, Texas, for the Respondent.

ATWELL, Chief Judge.

The controversy arises out of a statute which authorizes Immigration inspectors to conduct examinations with reference to the right of an alien to be and reside in the United States. In his performance of his statutory duty and right, he may subpoena the alien himself, or, any other witness, and require the production of "books, papers and documents." If the party so desired does not obey his subpoena, the Immigration inspector may ask the United States Attorney to secure an order from the United States judge requiring such witness for the purpose indicated.

That course was pursued to its ultimacy, and the respondent, who is not the alien, but the outside witness, refused to obey, or, to answer any questions, giving as a reason, his attorney was not present. His attorney had been present but had left the room.

Later, the court, upon an application for contempt, limited the order to the simple questions as to the alien. Not how nor why the witness knew the alien, but, merely whether the witness knew the alien is a Communist. The answer to that question was either, "yes," "no," or, "I don't know." The witness refused to answer any question by saying he claimed the right to refuse because he would incriminate himself.

The court entered another order requiring him to appear on December 5, 1949. From that order the respondent appealed. The Circuit Court of Appeals refused to act since there was nothing that required action.

Again, when he did appear on December 5th, he continued to make the same sort of answer. Thereupon followed this application for contempt, which is accompanied by the reporter's transcript of the exact questions and the exact answers. This transcript was not questioned in any manner by the respondent. In fact, at the contempt hearing which followed the issuance of the rule upon this application no answer was made on the merits whatever.

■ The respondent merely challenged the proceeding on the ground that it was in violation of the First, Fourth and Fifth Amendments of the United States Constitution. Under such generality, which is not at all germane because there was no attempt which violated either of those provisions, there was no question which asked the respondent to disclose his own membership or lack of membership in any party. Nothing was asked him as to whether he was a Democrat, a Socialist, or, Communist. There was no attempt at any legal search or seizure. Nor was there anything, in fact, that justified such contentions.

The paragraphs under this provision are that:

*First,* the court had no jurisdiction, because (a) there is no statute authorizing or requiring the respondent to testify. (b) The cause of action is now on appeal. The court has lost jurisdiction.

*Second.* The Constitution protects the respondent from answering the questions put to him in that to answer them would tend to incriminate and degrade him.

*Third.* The procedure was improper and contempt cannot be based upon such procedure.

■ Under the ground of the lack of jurisdiction, it is contended that no statute authorizes, or, requires the respondent to appear, or, to testify. 8 U.S.C.A. § 152. Applicable Rule, 8 C.F.R. 163-1-2. 1631 C.F.R., of the Rules, was cited, and it is found that, "The power to issue subpoenas should be exercised only when absolutely necessary." Whenever an investigation, or, a Board of special inquiry holding a hearing has reason to believe that a certain witness whose testimony is necessary to a proper decision of the case will not appear and testify, or, produce books, papers and documents, unless commanded to do so, such inspector, or, the Chairman of such Board shall request the Commissioner, or, the Inspector in Charge, to issue a subpoena and have it served upon such witness.

It is claimed that there is no "case" before a warrant of arrest, and that, therefore, "a witness cannot be required to testify at such preliminary investigation, but only at a duly constituted hearing. Before that, the service of a subpoena and the questioning of a witness, constitutes nothing but a 'fishing expedition'."

The language of the statute itself, and of the Rules cited above, show that there is nothing whatever in such an argument.

Rule 8 C.F.R. 150.1 (f), provides that the interrogation shall cease, but that relates to the alien himself, specifically so, and not to another witness.

The contention that the cause was on appeal, is, likewise, without merit, because it had already been presented to the Circuit Court and that court refused to hear it.

In support of the proposition, however, the respondent claims that such of the order that required the respondent to appear on December 5th, should have been passed on by the Circuit Court of Appeals, pending which time the trial court can do nothing but grant or deny a stay of proceeding. The citations of authority, Cobbledick v. United States, 309 U.S. 323, 60

S.Ct. 540, 84 L.Ed. 783, and Hunteman v. New Orleans Public Service, Inc., 5 Cir., 119 F.2d 465, are neither in direct point.

No better taken is the position that the respondent is protected by the Constitution upon the ground that to answer the question would tend to incriminate him. It is not necessary to show that such was the rule in Counselman v. Hitchcock, 142 U.S. 547, 12 S.Ct. 195, 35 L.Ed. 1110. There it is limited to the disclosure of any fact that tends to incriminate.

Neither the cases of United States v. Weisman, 2 Cir., 111 F.2d 260, nor United States v. Cusson, 2 Cir., 132 F.2d 413; United States v. Rosen, 2 Cir., 174 F.2d 187, and United States v. Zwillman, 2 Cir., 108 F.2d 802, can be of assistance to us because the facts were different.

There is nothing in the question which tends to incriminate one which is merely limited to his knowledge of the person inquired about, and, whether that particular person is a member of any particular Party. To assume that it does, is to extend the Rule to the point where a witness might not be asked as to the general reputation of another; might not be asked whether another person were a thief; might not be asked whether another person were a member of any particular Party or church. Provided such question is not followed by any other question which would require the witness to disclose how he knew.

The attack made at argument and in written brief upon the Attorney General of the United States, Tom Clark, because of his testimony given before the un-American Activities Committee of the House of Representatives, and the assertion that, "The witch-hunting atmosphere which today challenges the very basic liberties of the American people, shows the scope and possible incrimination during the present hysterical period," is not appreciated.

It is thought that no court is insensible to the full necessity of the preservation of all the constitutional jewels which belong to the individual citizen. Collateral to that thought, and supporting it, must also be the thought that equal vigilance in the protection of a government which is founded on that particular Constitution and such jewels, must not, itself, surrender to those who would invoke the very constitutional principles which they would destroy.

I find both from the facts and the law, which are indicated in the above general remarks, that the respondent is in contempt of an order made by this court, and fix the penalty for such disobedience and contumacy at $100 fine and thirty days in jail, unless he sooner purges himself.

The foregoing is in supplement of the brief oral opinion rendered at the conclusion of the open court hearing, since which time regular notice of appeal has been given by the respondent, and the court has granted a supersedeas and the matter is on the way at the time of this writing, to the United States Circuit Court of Appeals.