## FRIEDMAN et al. v. TRANSAMERICA CORPORATION.

### No. 468.

### District Court, D. Delaware.

### Sept. 5, 1945.

Frank & Gonnet, of New York City, and Hastings, Stockly and Layton, of Wilmington, Del., for plaintiffs.

Hugh M. Morris and Edwin D. Steel, Jr. (of Morris, Steel & Nichols), all of Wilmington, Del., for defendant.

LEAHY, District Judge.

This is a class action by plaintiffs, formerly minority holders of class A stock of Axton-Fisher Tobacco Company, against defendant, a majority stockholder of Axton-Fisher. Plaintiffs seek to recover for themselves and for all other holders or former owners of class A shares similarly situated damages "equal to the difference between the sum of $200, representing the true liquidating value of said Class A shares, and the amount actually realized or to be realized by such holders upon such shares".

The matter comes before the court upon motions of defendant, consolidated under Rule 12(g), Rules of Civil Procedure, 28 U.S.C.A. following section 723c, to dismiss the complaint because it fails to state a cause of action and because it fails to allege a true class action; or, failing that, to strike certain allegations from the complaint; for a more definite statement or for a bill of particulars; and to require plaintiff to state in separate counts the

several claims asserted.[1] All the pertinent facts surrounding this action are detailed in Geller v. Transamerica Corporation, D.C., 53 F.Supp. 625, and the opinions filed this day in Zahn v. Transamerica Corporation, D.C., 63 F.Supp. 243, and Speed v. Transamerica Corporation, D.C., 5 F.R.D. 56.

The complaint alleges various acts or representations and failure to disclose the dominant material fact of the great increase in the value of the tobacco inventory of Axton-Fisher. That these representations and omissions are insufficient to state a cause of action has been decided by the cases of Geller v. Transamerica Corporation and Zahn v. Transamerica Corporation. In addition, this particular complaint does not contain the allegations of a fraudulent scheme, present for example in Speed v. Transamerica Corporation. Moreover, most of the representations stated in the complaint are not alleged to be false, nor are they alleged to have been communicated to plaintiffs or to have misled plaintiffs.

■ There is an additional reason, peculiar to this case, why the complaint is defective. The complaint describes the status of the complainants and persons represented by the plaintiffs in an alternative manner. They are alleged to be present holders "or" former holders of class A stock. The complaint fails to reveal when the shares of plaintiffs were acquired; and, in the case of stock "formerly owned", when such stock was disposed of. So far as the complaint discloses, it may well be that plaintiffs bought and sold all of the shares which they were individually interested in, and the persons whom plaintiffs represent bought and sold all of their shares, prior to May 16, 1941, when defendant first acquired its stock interest in Axton-Fisher. If such were the case, obviously, plaintiffs would not be entitled to recover for acts of alleged wrongdoing by defendant after it acquired an interest in Axton-Fisher in May of 1941. This defect is not cured by the allegation that the action is brought by plaintiffs on behalf of all other "present holders" and "former owners" of class A stock whose stock was called for redemption on April 30, 1943, or who were induced to sell their shares in reliance on the misrepresentation, concealment and other wrongful conduct of· defendant. This al-legation is certainly not tantamount to an allegation that plaintiffs' stock was called or that stock of plaintiffs was sold as a result of the acts of defendant which are assailed by plaintiffs. Now, if plaintiffs have not been wronged, and there is no allegation that they have been, it is obvious that the court can not grant relief to them.

The complaint fails to state a cause of action entitling plaintiffs to relief. It is unnecessary, therefore, to consider whether a proper class action is alleged in accordance with the requirements set forth in Speed v. Transamerica Corporation, supra, or the other motions relied on by defendant. Defendant's motion to dismiss is accordingly granted.

---

[1] Precedent for this procedure is found in Oppenheimer et al., v. F. J. Young & Co., Inc., et al., D.C., 3 F.R.D. 220.