**GELLER v. TRANSAMERICA CORPORATION.**

No. 322.

District Court, D. Delaware.

Sept. 5, 1945.

---

[1] Precedent for this procedure is found in Oppenheimer et al., v. F. J. Young & Co., Inc., et al., D.C., 3 F.R.D. 220.

Daniel O. Hastings (of Hastings, Stockly and Layton), and John VanBrunt, Jr., all of Wilmington, Del., for plaintiff.

Hugh M. Morris and Edwin D. Steel, Jr. (of Morris, Steel & Nichols), all of Wilmington, Del., for defendant.

LEAHY, District Judge.

Plaintiff, a minority stockholder of Axton-Fisher Tobacco Company, sued defend-ant, the majority stockholder, for damages resulting to plaintiff from the sale by him to defendant in November, 1942, of 240 shares of class A stock of Axton-Fisher, or, alternatively, by rescission of the sale. Defendant moved for summary judgment. Upon the pleadings and affidavits filed by the respective parties, the court rendered its opinion in favor of defendant. See Geller v. Transamerica Corporation, D.C., 53 F. Supp. 625. And on January 4, 1944 judgment was entered granting defendant's motion for summary judgment and dismissing the action. After several intermediate steps involving the taking of an appeal from the judgment, all of which it is unnecessary to detail, plaintiff on December 11, 1944, filed in this court his petition for leave to file a bill of review based on discovery of new matter.

Defendant has filed an amended motion to dismiss plaintiff's petition upon the grounds that it fails to state facts which probably would have changed the decision of the court had they been before the court when it granted the motion for summary judgment; that the record in the cause discloses that plaintiff, in the exercise of reasonable diligence, could have discovered substantially all the "newly discovered evidence" prior to the entry of the judgment; and that the petition is not supported by the affidavits of any witnesses by whom plaintiff expects to prove certain of the facts alleged in the petition.

The matter is now before the court upon the amended motion of defendant to dismiss the petition.

Facts upon which the original opinion was based are detailed in Geller v. Transamerica Corporation, supra. These facts will not be repeated here, but plaintiff, in its petition for review, relies upon certain "newly discovered evidence". This is a letter[1] dated June 21, 1944, from Axton-Fisher to its stockholders. This letter notifies the stockholders of Axton-Fisher that the company was dissolved on May 31, 1944; that certain of the company's properties were sold to Phillip Morris Company; and that the company is ready to distribute as a partial liquidating distribution to owners of its class B stock negotiable warehouse receipts covering certain of the tobacco which the company owned. This distribution and contemplated liquida-.

---

[1] This is the only evidence submitted by plaintiff which came into existence after the judgment.

tion took place more than a year and a half after plaintiff sold his stock to defendant. There is no allegation that at or prior to the time defendant purchased plaintiff's stock defendant had any intention or plans of any character to dissolve and liquidate Axton-Fisher.

Plaintiff further relies on a letter of October 22, 1941, of Axton-Fisher to Transamerica. This letter reveals that in October, 1941, the defendant was apprised of the fact that the estimated 1941 tobacco crop replacement costs were substantially double the September 30, 1941, book value, for which the market price for equivalent 1941 crop tobacco was between 50% and 100% higher than Axton-Fisher's purchase price. There are other letters, i. e., the letter of July 2, 1942, Transamerica to Axton-Fisher, and letter of July 7, 1942, Axton-Fisher to Transamerica. These two letters represent an exchange of correspondence which took place approximately two months after the plan of recapitalization of Axton-Fisher for which a registration statement had been filed with the SEC had been abandoned. This exchange of correspondence preceded by approximately four months defendant's purchase of plaintiff's stock. These letters disclose that one Wilbur Fields suggested that Hillyer Brown, an attorney in San Francisco, proceed to work on a plan of recapitalization; that the suggestion had been mistakenly made by Fields; and that neither Axton-Fisher nor Transamerica had determined upon a "purchase program". Presumably, the "purchase program." which was referred to was the one consummated in November, 1942, about which plaintiff complains.

Reference is then made to certain minutes of meeting of Axton-Fisher's board, held June 15, 1943. Before quoting excerpts from these minutes, it may be well to state that on April 30, 1943—more than five months after plaintiff had sold his stock —directors of Axton-Fisher adopted a resolution to redeem all of the outstanding class A stock on July 1, 1943, at $80.80 per share, the call price fixed by the charter. Then, on July 16, 1943, the directors of Axton-Fisher attempted to modify their earlier resolution so as to eliminate the mandatory aspect of the redemption and make the redemption optional with the class A stockholders. Subsequently, in the case of Taylor v. Axton-Fisher Tobacco Co., 295 Ky. 226, 173 S.W.2d 377, 148 A.L.R. 834, the action of the directors in attempting to make the redemption optional rather than mandatory was held to be invalid by the Court of Appeals of Kentucky. The minutes reveal that developments since April 30, 1943, were responsible for the desire of the directors to give the class A stockholders the option of surrendering their shares at the redemption price. Representative portions of the minutes are set forth in the margin.[2]

Reliance is also had on the letter of April 21, 1942, from Transamerica to Axton-Fisher with enclosed draft of letter to SEC and proposed press release. This letter and press release are brought before the court probably for the purpose of establishing the fact that they have been prepared by, or at least embody suggestions made by, defendant. Both letter and press release announce the abandonment of the plan of recapitalization which had been promulgated in the Spring of 1942. The petition also alleges that on or about September 18, 1942, defendant purchased 9,000 shares of A stock at $47.50 per share from a large stockholder who had suggested the liquidation of Axton-Fisher and from another, or others. The sale was effected by the group because Axton-Fisher could not be liquidat-

---

[2] " * * * there was a discussion among the members of the Board on the question of whether the developments since the Board of Directors resolved on April 30, 1943, to call the outstanding shares of Class A common stock on July 1, 1943, did not require a removal of the mandatory aspect of that call * * *."

Again, the minutes state:

"Whereupon Judge Dawson stated that, in view of all existing circumstances and of the developments since the call for the Class A stock was issued on April 30th, he did not consider that it would be fair or equitable, or possibly even legally defensible, to leave the existing call for redemp-

tion of the Class A stock on July 1st, in its present mandatory form."

That neither the defendant nor Axton-Fisher had arrived at any definite plan for the liquidation of the defendant is made manifest by the minutes themselves. They state that:

" * * * there may exist a fairly imminent possibility of an action which would mature the rights of the holders of such stock [i.e., Class A stock] to receive their dividends plus a two to one sharing with the Class B Common Stock in the event of dissolution, liquidation, merger, or consolidation, or the sale of substantially all of its assets."

td without Transamerica's consent. There is also the affidavit of Scamman, with attached SEC notice of deficiency. This is merely a notice from the SEC of a deficiency.

 Before considering the specific questions raised by defendant's motion to dismiss, I shall pause briefly to make some general observations on the rules for granting or refusing leave to file a bill of review. While such applications are within the discretion of the court, they are not favored, are entertained with reluctance, and are subjected to the closest scrutiny. In Eclipse Machine Co. v. Harley-Davidson Motor Co., 3 Cir., 286 F. 68, 69, in denying application for leave to file a bill of review, the Court said: "For reasons which are quite obvious, applications of this kind, involving not infrequently belated attempts to escape the consequences of adverse decisions, are not favored by courts and are, accordingly, subjected to the closest scrutiny. * * *" This accords with the universal course of decisions. See, for example, Acord v. Western Pocahontas Corporation, 4 Cir., 156 F. 989, 995; In re Missouri-Kansas Pipe Line Co., 23 Del.Ch. 215, 2 A.2d 273, 277, 278. And the new matter, to move the court's discretion, must be of a decisive nature on the merits and, in fact, must be controlling. Kennedy v. Emerald Coal & Coke Co., Del.Ch., 42 A.2d 398.

The matters set forth in the petition for review wholly fail to meet the test of the above cases. I do not think the letter dated June 21, 1944, from Axton-Fisher to its stockholders, and which is the only bit of evidence which came into existence after the judgment, has any pertinency to the complaint. The gravamen of the complaint is, defendant misrepresented and concealed from plaintiff certain facts prior to the sale in 1942. The dissolution contemplating liquidation took place more than a year and a half after plaintiff sold his stock to defendant. And, moreover, even if defendant had planned to dissolve and liquidate prior to plaintiff's sale of the stock, this fact would be of no moment. For, as was held in Geller v. Transamerica Corporation, supra, defendant, under Kentucky law, was not required to volunteer any information when plaintiff's stock was purchased and it is still my view that defendant, as majority stockholder, did not, under the Kentucky law, have a fiduciary relationship to plaintiff.

Most of the remaining matter set forth in the petition has a double infirmity. It lacks pertinency, in the first place, because it is premised on the erroneous assumption that there was a fiduciary relationship between defendant and plaintiff. There must have been reliance, for the evidence to have pertinency in any event, by plaintiff on the various acts and representations. But, if plaintiff did rely on such acts and representations, it obviously knew of such representations before the entry of the judgment. And, of course, it is well established that a bill of review will not be granted on the basis of evidence which could have been discovered by reasonable diligence and brought to the attention of the court prior to the judgment. Eclipse Machine Co. v. Harley-Davidson Motor Co.; In re Missouri-Kansas Pipe Line Co.; and Kennedy v. Emerald Coal & Coke Co., all supra.

Since the new evidence is not of a decisive nature on the merits, and since substantially all of it could have been discovered by plaintiff, with a reasonable exercise of diligence, before judgment, it is clear that the petition is without merit. Accordingly, it is unnecessary to consider whether the petition is also defective because of the failure of plaintiff to support the alleged facts by affidavits. The petition to review is denied.