## FRIEDMAN et al. v. TRANSAMERICA CORPORATION.

### Civil Action No. 468.

District Court, D. Delaware.
March 4, 1946.

Caleb R. Layton, 3d, and Ayres J. Stockly, of Hastings, Stockly and Layton, all of Wilmington, Del., for plaintiffs.

Edwin D. Steel, Jr., of Morris, Steel, Nichols & Arsht, all of Wilmington, Del., for defendant.

LEAHY, District Judge.

Plaintiffs ask leave to amend their complaint. It has been amended three times before and this is their fourth attempt to state their cause of action.* The proposed amendments include (a) an allegation "that defendant furnished to Axton-Fisher the necessary funds to enable it to call the Class A stocks" and (b) the addition of a new count which charges that defendant was under a fiduciary obligation to the minority Class A stockholders to disclose the increase in value of the Axton-Fisher tobacco leaf inventory and defendant's intention to dissolve Axton-Fisher. In substance, the first count is based on the assumption that plaintiffs would not have convert-

---

* The original complaint was first amended before defendant filed a responsive pleading. Defendant's motion to dismiss was granted. D.C., 63 F.Supp. 247. Leave to amend the complaint was granted. Defendant's second motion to dismiss was fixed for argument. Plaintiffs thereupon sought leave to amend their complaint again.

ed their Class A stock into Class B stock if they had known all the facts concerning defendant's interest in Axton-Fisher; and the second count is bottomed on the assumption that plaintiffs would have converted their Class A shares if they had been aware of all the facts and on the further assumption that the redemption or call of the Class A stock was legal. Without pausing to determine whether the first and second counts are so inconsistent as not to come within the inconsistency of claims allowed by Rule 8(e) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, the present application to amend may be determined on other grounds.

The matter of defendant's controlling ownership in Axton-Fisher has been the subject of much litigation in this court. See Geller v. Transamerica, D.C., 53 F. Supp. 625, affirmed 3 Cir., 151 F.2d 534; Geller v. Transamerica, D.C., 63 F.Supp. 248; Zahn v. Transamerica, D.C., 63 F. Supp. 243; and Speed v. Transamerica, D. C., 5 F.R.D. 56. A reading of these cases will show that the redemption of the Class A stock of Axton-Fisher, that company's final dissolution and defendant's activities as majority stockholder have all been subject to attack and critical examination. Nothing is contained ·in the proposed amendments to the complaint which was not known to plaintiffs or at least to plaintiffs' counsel four months ago because the new matter sought to be added was already contained in some of the complaints filed in the cases supra.

Rule 15(a) provides that leave to amend "shall be freely given when justice so requires." The word "freely" was used with deliberate intention to obviate technical restrictions on amendment. Moore, Federal Practice, p. 806. But, this does not mean that leave to amend is to be granted without limit; otherwise, the right to amend would be absolute and not rest in the discretion of the court. The interests of both parties should be considered when an application to amend is made. Opportunity should be given to a plaintiff to present his alleged grievance; yet equal attention should be given to the proposition that there must be an end finally to a particular litigation.

It has been held that four unsuccessful attempts, each time by way of amendment, to set out a cause of action, would support a ruling that no further amendments should be allowed. Laughlin v. Garnett, 78 U.S.App.D.C. 194, 138 F.2d 931. So, too, an order of a district court dismissing, without further leave to amend, a complaint which had been twice amended was sustained. C. E. Stevens Co. v. Foster & Kleiser Co., 9 Cir., 109 F.2d 764. Failure on the part of the party seeking the amendment to show that his delay in tendering the amendment was due to excusable oversight will support a refusal to allow the amendment. Frank Adam Electric Co. v. Westinghouse Elec. Mfg. Co., 8 Cir., 146 F.2d 165. In short, the matter of giving leave to amend is one in the sound discretion of the nisi prius court. I agree with Judge Rifkind that "Rule 15(a) prescribes a liberal policy in granting leave to amend." But "a liberal policy does not mean the absence of all restraint. Were that the intention, leave of court would not be required. The requirement of judicial approval suggests that there are instances where leave should not be granted." Here, I believe we have such an instance. This is plaintiffs' fourth attempt to state their cause of action and their third request to amend, more than sixteen months after the complaint was filed. The subject matter of the amendment was known four months ago and the "new" matter sought to be incorporated into the complaint was once included in the original and first amended complaint and later was abandoned or deleted when plaintiffs filed their second amended complaint. Moreover, the present motion to amend was not filed until after the date was fixed for argument on defendant's motion to dismiss the complaint and after briefs had been exchanged and filed.

The motion to amend falls into the category of those instances where such leave should be denied. An order may be submitted denying plaintiffs' motion to amend; defendant's pending motion to dismiss the complaint in its present form should be placed on the argument list.