## UNITED STATES v. SILLIMAN.
### Civil Action No. 2568.

District Court, D. New Jersey.
Dec. 12, 1946.

See also, D.C., 65 F.Supp. 665.

Edgar H. Rossbach, U. S. Atty., and Roger M. Yancey, Asst. U. S. Atty., both of Newark, N. J., John F. Sonnett, Asst. Atty. Gen., Harry LeRoy Jones, Sp. Asst. to Atty. Gen., and Frederick L. Smith, U. S. Atty., Alien Property Section, and George W. Jansen, and Roy C. Frank, Chief Trial Attys., Department of Justice, all of Washington, D. C., for the Government.

William H. Campbell, Jr., of Newark, N. J., for defendant.

MEANEY, District Judge.

This is a motion by plaintiff seeking an order directing that depositions of certain named witnesses taken and used in a prior case, United States v. Rodiek, Ancillary Executor of the Estate of Johann

Friedrich Hackfeld, 2 Cir., 117 F.2d 588, be filed herein for use in this action to the same extent and effect as though they were taken herein.

Defendant opposes the motion on the ground that the rules of civil procedure do not authorize the use of depositions taken in one case to be used in a subsequent case between different parties, not in privity, on different issues, and where no opportunity to cross examine on the new issue has been afforded.

The Alien Property Custodian in 1918 seized the property of Johann Friedrich Hackfeld. The said Hackfeld was born in Germany and in 1877 went to Hawaii where he acquired a home, became active in local affairs and achieved considerable financial success in the sugar business. He took an active part in the establishment of the Hawaii Republic and by reason of such services had a certificate issued to him by the then Republic of Hawaii entitling him to all the privileges of citizenship of that Republic. In 1900 the United States passed an act organizing the Territory of Hawaii which granted citizenship to all who were citizens of the Hawaii Republic on August 12, 1898. Shortly thereafter, in 1901, Hackfeld returned to Germany for the asserted reason of his wife's ill health. From that date until 1914, Hackfeld divided his time between Germany and Hawaii. He was in Germany in 1914 and due, allegedly, to the outbreak of war in that year, was unable to return to Hawaii or the United States. In January of 1918, the aforesaid seizure of the Hackfeld holdings was made by the Alien Property Custodian.

In 1923, Hackfeld retained Silliman, the defendant herein, as his attorney, to represent him in proceedings before the Government departments, for the purpose of recovering all of his seized property on the ground that he was a citizen of the United States. At that time Hackfeld also filed an application for an American passport in the American Consulate in Bremen, Germany, in which he alleged that he was a naturalized citizen and a legal resident of Honolulu, Hawaii.

Defendant Silliman prepared and filed, on behalf of Hackfeld, various documents, statements and briefs relating to Hackfeld's claim to citizenship to further support his claim with the Alien Property Custodian, and made at least one trip to Germany where he consulted Hackfeld in the preparation of the claim.

After an investigation, a passport was issued to Hackfeld and in April 1924, President Coolidge allowed Hackfeld's claim on the recommendation of the Attorney General. Pursuant to the allowance of the claim, the Alien Property Custodian returned to Hackfeld the sum of $3,867,-229.86.

Hackfeld died in Germany in 1932 leaving a will which was probated in Germany, letters testamentary being given one Rodiek, as ancillary executor, in the State of New York. The defendant was employed as counsel for the estate in America and was given a general power of attorney by the ancillary executor.

Subsequently, in 1934, a bill was introduced in the Senate of the United States, for the payment to the estate of Hackfeld of an additional claim of $3,000,000, which amount it was alleged was further due as a result of injuries sustained by the estate through the sale by the Alien Property Custodian of the Hackfeld properties. That claim was denied by the Court in an opinion filed in 1943. During the pendency of the proceeding in the court of claims, the United States in April of 1936 filed a civil action in the United States District Court for the Southern District of New York against Frederick Rodiek, ancillary executor of the Estate of Hackfeld, to recover an alleged overpayment to the decedent, Hackfeld, in the amount of $881,298.38. The theory of that action was that the Presidential allowance of Hackfeld's claim resulted from misrepresentations and fraud on his part and from mistakes of law and fact on the part of United States officials; that Hackfeld was not a citizen of the United States, but was an alien enemy and in consequence he never became entitled to get back more than 80% of the proceeds of the seized property. After a jury trial, the Court directed a verdict in the amount of $1,605,057.32 on the ground that as a

matter of law Hackfeld had never been a citizen of the United States.

The defendant herein, Reuben D. Silliman, was the attorney of record for the defendant, Rodiek, in the above mentioned action and it was in that case that the depositions now sought to be introduced in the present suit, were taken.

Defendant strongly opposes the Government's motion, on the grounds that nowhere in the rules of civil procedure in the federal courts, nor in any cases found, is there any authorization which will permit the use of depositions taken in one case to be used in a subsequent case between different parties, not in privity, on different issues and where no opportunity to cross examine on the new issue has been afforded.

The cases cited by the defendant support his position generally, and under the particular facts of this case it is the opinion of this Court that the depositions taken in the former trial are not admissible in the case at bar where it appears that they are offered against one not a party to the former suit, nor in privity to either party in the former suit. Tappan v. Beardsley, 10 Wall. 427, 77 U.S. 427, 19 L.Ed. 974.

Even conceding, moreover, that the rules of evidence may not be circumscribed as the defendant contends, the facts incident to this case preclude the admission of the depositions sought to be used.

Thus in the case of Mid-City Bank & Trust Co. v. Reading Co., D.C.N.J., 3 F.R. D. 320, 323, cited by the plaintiff herein, the learned judge, after setting forth his reasons for admitting depositions on a much more broadly based rule than that for which the defendants contend, makes the following statement:

"If the issue was different in any respect it would be subject to attack on the ground that there was not adequate cross-examination at the time the deposition was taken."

The depositions in question were given in a former case in which the alleged fraud of Hackfeld in procuring a full return of his property from the Alien Property Custodian was involved. In that case, the defendant herein was the attorney of record. In addition, the defendant in the suit at bar was the attorney for Hackfeld during the course of the preparation and presentation of Hackfeld's earlier claim out of which the original fraud charges grew.

It is insisted by the Government that defendant Silliman conducted the cross-examination or had control thereof when the depositions in question were taken, and that inasmuch as the defendant represented Hackfeld and subsequently the ancillary executor of the Hackfeld estate, he had a direct interest in the outcome of the former trial. Moreover, the government asserts that in the present action the defendant had the same opportunity to cross-examine that he would have had if he had been a party to the former action, and that he exercised this opportunity. This argument is grounded upon the Government's further assertion that before the depositions were taken he, Silliman, well knew that he faced, almost certainly, proceedings against him based on fraud.

With this contention the court cannot agree. To conclude that there had been an opportunity to cross-examine on the issues of this case necessarily pre-supposes as a fact, that Silliman knew that he was himself subsequently to be the subject of the same charges of fraud. Such a supposition this Court may not make a matter of speculation. Unless it be shown that Silliman had such affirmative knowledge or should have inferred it of necessity, it cannot be said that full opportunity to cross-examine on the issues of the case at bar, was afforded.

The issues in the former case were not the same as those in the present one. In the Rodiek case, the theory of the action was that the presidential allowance of Hackfeld's claim resulted from misrepresentations and fraud on his, Hackfeld's part. The present action is one charging Silliman with conspiracy and fraudulent misrepresentation.

Under these circumstances, it cannot in any sense be said that the issues are identical. Such variation is fatal to the Government's motion.

Under the facts of this case the Court is not satisfied that the depositions were taken

upon such an issue in the former case that the party opponent in that case had the same interest and motive in cross-examination that the present opponent has.

Accordingly, the plaintiff's motion is denied.