**SPEED et al. v. TRANSAMERICA CORPORATION.**

Civil Action No. 480.

District Court, D. Delaware.

May 9, 1947.

Arthur Frank, of New York City and Daniel O. Hastings and Ayres J. Stockly (of Hastings, Stockly, Walz & Wise), both of Wilmington, Del., for plaintiffs.

Hugh M. Morris and Edwin D. Steel, Jr. (of Morris, Steel, Nichols & Arsht), both of Wilmington, Del., for defendant.

Roger S. Foster, Sol., Robert S. Rubin, Associate Sol., Sidney H. Willner, Asst. Sol., Alexander Cohen and Herman D. Levinson, Attys., all of Philadelphia, Pa., for the Securities and Exchange Commission, amicus curiae.

LEAHY, District Judge.

The first count of the complaint is based on a common law action of fraud and deceit. Judgment for defendant will be had on this count in accordance with my decision in the Geller case.[1]

Counts 2, 3 and 4 charge that in acquiring the stock of public security holders (plaintiff is one), defendant as an insider did not make disclosure of facts materially affecting the value of such stock; and hence defendant has violated § 10(b) of the Securities Exchange Act of 1934, 15

[1] Geller v. Transamerica Corp., D.C. Del., 53 F.Supp. 625, affirmed 3 Cir., 151 F.2d 534; Id., D.C., 63 F.Supp. 248.

[2] § 10(b). "It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of inter-

458

U.S.C.A. § 78j (b), and Rule X–10B–5 promulgated thereunder.[2] Defendant contends that the Act gives no private right of action for civil liability as it was the congressional intent that parties injured by its infraction should be left to their common law remedies; but, says defendant, if the Act does apply the record shows this is not a case of violation.

While previously doubt has been expressed that a private right of action exists in these situations,[3] in several cases involving fraudulent purchases already consummated, the Securities and Exchange Commission has enforced compliance by suggesting voluntary restitution, dismissals on stipulation and consent decrees. The first court decision that an individual right of action exists for damages resulting from a violation of § 10(b) and Rule X–10B–5 is Kardon v. National Gypsum Co., D.C., E.D.Pa., 69 F.Supp. 512. While I propose to follow Judge Kirkpatrick's opinion in the Kardon case, yet I wish to point out I think Downing v. Howard, D.C.Del., 68 F.Supp. 6, is not inconsistent with Kardon.[4] There remains, then, for the purposes of disposing of defendant's motion for summary judgment, a narrow issue.

■ The theory of the complaint is that defendant as dominant stockholder of Axton Fisher from the time it bought into that stock planned to capture the profit exclusively to itself which would probably arise from increased inventory value of leaf tobacco which Axton Fisher had on hand in 1942. The pleadings before me show defendant makes categorical denial and goes beyond that; apologia is made. This question is the very vitals of the present litigation. And, while the pleadings make it possible to draw inferences, the case is not such as to be disposed of on a motion for summary judgment. It calls for the close scrutiny of a nisi prius judge. Plaintiffs have alleged the ultimate fact of violation of the statute. I think plaintiffs must prove their allegation of an express or implied misrepresentation and its form, viz., that at the time defendant bought its stock it intended to merge, liquidate, dissolve, etc., but it expressly or impliedly represented that it did not. This is prerequisite proof under Counts 2, 3 and 4.

An order may be submitted granting defendant's motion for summary judgment on Count 1 and denying it on Counts 2, 3 and 4.

---

state commerce or of the mails, or of any facility of any national securities exchange—* * *

"To use or employ, in connection with the purchase or sale of any security registered on a national securities exchange or any security not so registered, any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors."

Rule X–10B–5 promulgated by the Commission pursuant to § 10(b) reads as follows:

"It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange,

"(1) to employ any device, scheme or artifice to defraud,

"(2) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or

"(3) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person,

in connection with the purchase or sale of any security."

3 See Simpson, SEC Action Against Fraudulent Purchasers of Securities, 59 Harv.L.Rev. 769, 779, 780.

4 For discussion of the rule made by Kardon v. National Gypsum Co., ante, see Rubin and Feldman, Statutory Inhibitions Upon Unfair Use of Corporate Information by Insiders, 95 U. of Penn.Law Review, 468, 497, 498.