## REDIKER v. WARFIELD et al.

United States District Court
S. D. New York.
Feb. 15, 1951.

Moss & Wels, New York City, Richard H. Wels, New York City, of counsel, for plaintiff.

F. W. H. Adams, New York City, David Asch, New York City, of counsel, for defendants.

WEINFELD, District Judge.

Plaintiff has served interrogatories upon defendants Warfield and Scott requiring answers as to conversations with or communications from any representative of the defendant International Bank for Reconstruction and Development (hereinafter called "Bank") concerning plaintiff's activities with respect to Ulen Realization Corporation (hereinafter called "Ulen") and the Government of Iran.

The action is brought against the defendants for conspiring to cause Ulen to breach and repudiate an agreement whereby plaintiff was engaged by Ulen to collect its claim against the Government of Iran. The plaintiff charges that the defendants, including those sought to be examined, conspired to bring about a termination of his agreement with Ulen, and in furtherance of such purpose committed various acts, including amongst others, representations by the defendants Warfield and Scott and the Bank to Ulen and the other defendants that plaintiff's activities were offensive to the Bank and that defendant Warfield should be substituted for plaintiff in negotiations with the Government of Iran and the Bank (Paragraph Seventeenth of the complaint).

Warfield and Scott are attorneys and had been acting for Ulen. Scott, in addition, was secretary of Ulen. Objection is made to the proposed interrogatories on the grounds that they (1) relate to privileged communications; (2) constitute an attempt to evade a prior ruling of this Court; and (3) are not proposed in good faith. Each objection is considered separately.

■ Rule 33 of the Federal Rules of Civil Procedure, 28 U.S.C.A., authorizing written interrogatories is circumscribed by Rule 26(b), which permits inquiry with respect to "any matter, not privileged, which is relevant to the subject matter involved in the pending action * * *." Defendants Warfield and Scott resist the proposed interrogatories on the ground that they are required to state conversations and communications had with the Bank's representatives while employed by and acting as counsel for Ulen, which led to certain restriction of plaintiff's authority to act under a renewal of his employment agreement and finally to its termination.

The conversations here sought were not between Ulen and its attorneys, Warfield and Scott, but between the latter, representing Ulen, and representatives of the Bank. Answers by the Bank to interrogatories heretofore served upon it show that in the main the conversations took place between Warfield and Scott, acting for Ulen, and the attorneys for the Bank.

■ Since attorney and client relationship did not exist between the attorneys representing their respective clients, the conversations and communications are not privileged. Section 353 of the New York Civil Practice Act, which is applicable under Rule 43(a) of the Federal Rules of Civil Procedure, provides that an attorney may not "disclose a communication, made by his client to him". Thus, statements made by a third party (in this instance the Bank's representatives) to an attorney do not come within the rule of privilege. Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451; King v. Ashley, 179 N.Y. 281, 72 N.E. 106; In re Ruos, D.C., 159 F. 252; Wild v. Payson, D.C., 7 F.R.D. 495; United States v. United Shoe Machinery Corp., D.C., 89 F.Supp. 357; Wigmore on Evidence, Third Edition, Sections 2292, 2317. Neither is it a valid objection that in acting for Ulen in its conversations and communications with the Bank's attorneys, defendants Warfield and Scott necessarily referred to and discussed matters and information received from Ulen and that these are privileged, having been received in the course of professional activity. This argument must yield when tested against the basic purpose of the lawyer-client privilege and the reason for the protective cloak which guards the relationship.

■ The underlying rationale is stated by Professor Wigmore: "The privilege is designed to secure subjective freedom of mind for the client in seeking legal advice. * * * It has no concern with other persons' freedom of mind, nor with the attorney's own desire for secrecy in his conduct of a client's case. It is therefore not sufficient for the attorney, in invoking the privilege, to state that the information came somehow to him while acting for the client, nor that it came from some particular *third person* for the benefit of the client." (Wigmore on Evidence, Section 2317, Third Edition).

■ Here, if the knowledge and information which Warfield and Scott received from Ulen was imparted during the course of the conferences with the Bank's lawyers, the inference is that this was intended, otherwise such information would not have

been revealed to the Bank's lawyers. When a communication is made by a client to his attorney with the understanding that it is to be imparted to a third party, no privilege exists. Rosseau v. Bleau, 131 N.Y. 177, 30 N.E. 52; In re Fisher, D.C., 51 F.2d 424; Baumann v. Steingester, 213 N.Y. 328, 329, 107 N.E. 578.

■ Nor does the rule with respect to the "work product of the lawyer", as stated in Hickman v. Taylor, supra, apply. The conversations as to which answers are sought cover the period between November 1, 1949 and August 1, 1950, antecedent to the commencement of the action, and were not in the course of preparation for trial or does it appear that they were in anticipation of prospective litigation. The attorneys are parties to this action, which is based upon representations allegedly made by them and another and it is with respect to such representations that their testimony is sought.

Smith v. Bentley, D.C., 9 F.R.D. 489, is not to the contrary. There plaintiff sought to take the deposition of the defendant-corporation through one of its officers who was an attorney. The holding [of the Court] in vacating the notice of examination is clearly based upon the Court's reluctance to permit the examination where plaintiff had failed to show that the officer-attorney was the only representative of the defendant available. A fundamental factor, not present in either Hickman v. Taylor or Smith v. Bentley, is that in the instant case, the attorneys are defendants and their statements and those of the other defendant appear to be the very foundation of plaintiff's asserted wrong.

■ The interrogatories are also opposed on the ground that they seek to circumvent a prior ruling of the Court. Here it is claimed that conversations and communications between defendants Warfield and Scott and the Bank are relevant only if and as communicated to the defendant Tyler or some other officer of Ulen and that this Court has already held such communications to be privileged by its ruling on interrogatories addressed to defendant Tyler. Those interrogatories sought conversations between these attorneys and an officer of Ulen, the client. The conversations which are the subject of the present inquiry, as demonstrated, were had between defendant-attorneys and another party to the action and the vice which was inherent to the prior proposed interrogatories no longer exists. Moreover, "relevant" as used in the Federal Rules of Civil Procedure, 28 U.S.C.A., is not to be equated with "relevant" as ordinarily used in determining admissibility of evidence upon a trial. It is relevancy to the subject matter which is the test. The question of admission into evidence is for the Trial Court. Rule 26(b), Rule 33; Gutowitz v. Pennsylvania R. Co., D.C., 7 F.R.D. 144; Kaiser-Frazer Corporation v. Otis & Co., D.C.S.D., 11 F. R.D. 50.

■ The final objection advanced is that the interrogatories are not proposed in good faith. It is argued that the defendant Bank has heretofore fully answered interrogatories concerning the same matter so that the plaintiff has knowledge of the information now sought. Hence to require the same information from Warfield and Scott is superfluous and could serve no purpose other than forming a basis for impeachment. That the answers to interrogatories may be used for impeachment is no bar. Hickman v. Taylor, 329 U.S. 495, 511, 67 S.Ct. 385, 91 L.Ed. 451. The fact that a party has already obtained the benefits of the deposition-discovery procedure as to one defendant does not foreclose him from proceeding under its provisions with respect to other defendants.

■ A diligent and thorough lawyer normally will want to examine more than one of a number of defendants in his quest for fact-revelation. Indeed, it appears from the very rule that multiple interrogatories were intended. Rule 33 provides: "The number of interrogatories or sets of interrogatories to be served is not limited except as justice requires to protect the party from annoyance, expense, embarrassment, or oppression." Thus far the record indicates that only the defendant Bank (of the seven defendants in this case) has been examined on the subject matter of the proposed interrogatories. At this juncture of

the litigation the interrogatories directed to Warfield and Scott do not appear unnecessarily repetitive. Should there be abuse hereafter of the procedure permitted under the rules, an appropriate remedy is provided for upon a proper showing. Rule 30(b).

The objections to the interrogatories are overruled.

Settle order on notice.