**SPEED et al. v. TRANSAMERICA CORP.**
**FRIEDMAN et al. v. TRANSAMERICA CORP.**

**ZAHN v. TRANSAMERICA CORP.**
Civ. A. Nos. 480, 468, 490.

United States District Court
D. Delaware.
Sept. 20, 1951.

See also, D.C., 100 F.Supp. 463.

Daniel O. Hastings, Ayres J. Stockly and Thomas R. Hunt (Hastings, Stockly, Walz & Wise), all of Wilmington, Del., Arthur Frank and Claude L. Gonnet (Frank & Gonnet), of New York City, for plaintiffs Speed and others.

Samuel J. Levinson, Frank Weinstein and Robert Bernstein, all of New York City, and Samuel Handloff, of Wilmington, Del., for plaintiffs Friedman and others.

Daniel O. Hastings, Ayres J. Stockly and Thomas R. Hunt (Hastings, Stockly, Walz & Wise), all of Wilmington, Del., Arthur Frank and Claude L. Gonnet (Frank & Gonnet), of New York City, for plaintiff Zahn.

Hugh M. Morris, Edwin D. Steel, Jr. and William S. Megonigal, Jr. (Morris, Steel, Nichols & Arsht), all of Wilmington, Del., for defendant.

Roger S. Foster, General Counsel, Milton P. Kroll, Asst. General Counsel, and Alexander Cohen, Attorney, all of Washington, D.C., for Securities and Exchange Commission for amici curiæ.

William H. Foulk and Herbert L. Cobin of Wilmington, Del., for interveners.

LEAHY, Chief Judge.

Argument was had on the proposed decrees for judgments of plaintiffs. I have studied the transcript of that argument and the briefs of the parties on the objections and the right of the interveners to become formal parties to these causes.

█ 1. In the Speed case defendant raises what seems to me to be a highly technical point of procedure, i e., I should not give judgment for plaintiffs on count 1 because no order was ever entered vacating the early order granting summary judgment to defendant on this count. I think this objection is frivolous. The same facts which proved a case in plaintiffs' favor under counts 2, 3 and 4 are strong enough to sustain count 1. In any event, there can only be one recovery in this case and it matters little, therefore, if recovery is had on the latter counts, whether the technical point raised by defendant has merit. As stated, I do not think it has. I simply reaffirm what I had to say about count 1 in my opinion of August 8, 1951, 99 F.Supp. 808.

█ 2. Much argument was devoted to the question whether these causes were class actions; and at the oral argument I suggested that this particular question should be among those reserved for the special master in addition to the question of the personal defenses which defendant might have as against certain individual stockholders. Later, I went back to the briefs and re-examined all pertinent cases. In order to have the matter definitely decided, as far as I am concerned, I now hold that these causes are class actions regardless of what category of such actions you pigeon hole them, for the obvious reason that the basic and master facts

which make defendant liable are directly related to the stockholders as a class who were affected by defendant's acts. Under such a holding, there will be no necessity for the special master to decide the question of class action. I have decided it.

■ 3. I have given careful consideration to the question of intervention. Once having decided these are class actions, there will be little justification for disallowing intervention. One of the fundamental reasons for permitting such intervention is so that the aggrieved stockholders, against whom there is no personal defense, may participate in the recovery.