## SPEED et al. v. TRANSAMERICA CORP.
### Civ. A. No. 480.

United States District Court
D. Delaware.
Jan. 8, 1952.

Arthur Frank (of Frank & Gonnet), of New York City, and Daniel O. Hastings (of Hastings, Stockly & Walz), of Wilmington, Del., for plaintiffs.

Edwin D. Steel, Jr. (of Morris, Steel, Nichols & Arsht), of Wilmington, Del., for defendant.

William H. Foulk and Herbert L. Cobin, both of Wilmington, Del., for interveners.

LEAHY, Chief Judge.

An opinion finding liability was filed on August 8, 1951, 99 F.Supp. 808, a decree entered and the question of damages was referred to a special master. Then on November 6, 1951, defendant filed a motion for leave to file an answer to Count 1 of the complaint and thereafter to try the cause of action alleged in Count 1. Oral argument was had. The last brief is just in, so I have decided to dispose of the matter promptly.

■ An examination of the proposed answer shows it to be practically identical with the answers filed to Counts 2, 3 and 4 with one exception, i. e., a plea as to Kentucky law. In passing, I simply note it is unnecessary to plead Kentucky law as the federal courts take judicial notice of all state laws; and we have extensively examined the Kentucky law after argument on defendant's earlier motion for summary judgment.

In permitting Count 1 to be reinstated, and to allow it to stand after hearing the whole case, all that I did was to conform the pleadings to the proofs upon the rendition of judgment and without the necessity of filing formal pleadings. With the exception of two immaterial allegations in paragraphs 9 and 10 of Count 1, every other allegation in Count 1 was realleged and was a part of Counts 2, 3 and 4 under which the case was tried without jury. What defendant wants is to have another trial under Count 1 and it may, it has been suggested, want a trial by jury.

■■ It has been held a party waives his jury trial when he did not request such as to a count which was not part of a complaint but which could be anticipated it may

become part of the complaint. Gulbenkian v. Gulbenkian, 2 Cir., 147 F.2d 173, 158 A.L.R. 990. And, Fidelity and Deposit Company v. Krout, 2 Cir., 157 F.2d 912, decided that where a new count is based on the same issues as the previous counts as to which no jury was requested, that waiver would continue in effect also as to the new count.

There is little I can add to my former discussion on this point as found in Speed v. Transamerica Corp., D.C.Del., 100 F.Supp. 461. As I stated there, the same facts which proved a case in plaintiffs' favor under Counts 2, 3 and 4 are strong enough to sustain Count 1; those proofs having been established, what I think I am doing is simply, as stated before, conforming the pleadings to the proofs. And this is again to affirm what I had to say about Count 1 in my opinion in Speed v. Transamerica Corp., D.C.Del., 99 F.Supp. 808.

And now, this 8th day of January, 1952, the motion of defendant for leave to file an answer to Count 1 and thereafter to try the cause of action described in Count 1 having been considered, for the reasons indicated above, it is

Ordered said motion is denied.