See, also, D.C., 10 F.R.D. 448.

**TOBACCO AND ALLIED STOCKS,**
Inc., et al., Plaintiffs,

v.

**TRANSAMERICA CORPORATION,**
Defendant.

Civ. No. 1468.

United States District Court,
D. Delaware.

Dec. 6, 1954.

See also 16 F.R.D. 537.

W. Wilson White, U. S. Atty., Philadelphia, Pa., George W. Wise, David A. Fields, Anti-Trust Div., William T. Collins, Washington, D. C., Larry L. Williams, Anti-Trust Div., Philadelphia, Pa., for plaintiff.

Joseph W. Henderson (of Rawle & Henderson), John Blair Moffett (of Moffett, Frye & Leopold), Henry A. Frye, James Alan Montgomery, Jr., (of Pepper, Bodine, Frick, Scheetz & Hamilton), Philadelphia, Pa., for defendant.

Daniel O. Hastings and Stewart Lynch (of Hastings, Lynch & Taylor), Wilmington, Del., and Paul, Weiss, Rifkind, Wharton & Garrison, New York City, for plaintiffs.

Edwin D. Steel, Jr., George T. Coulson and William S. Megonigal, Jr. (of Morris, Steel, Nichols & Arsht), Wilmington, Del., for defendant.

LEAHY, Chief Judge.

Prior to the taking of the deposition of one of plaintiffs' counsel, he was served a subpoena duces tecum requiring production of certain writings. In response, he stated he had 20 letters, which he refused to produce. These papers were part of his file in connection with the case of Geller v. Transamerica Corp., our Civil Action 322.[1] Defendant filed a motion requiring production and inspection. The background of the Transamerica litigation in this Court will not be repeated here.[2]

The instant case relates to the sale of 9,380 shares of Class A stock of Axton-Fisher Tobacco Company by plaintiffs to defendant, Transamerica Corporation, at $47.50 per share, on September 18, 1942. As in former litigation, plaintiffs charge defendant intended to and did capture for itself, in violation of the fiduciary duty owed by it to minority stockholders, the profit in Axton-Fisher resulting from the greatly increased value of the inventory of leaf tobacco, by liquidating Axton-Fisher and excluding plaintiffs from participation. Violations of § 10 (b) of the Securities Exchange Act of 1934, 15 U.S.C.A. § 78j(b) and Rule X–10–B–5 are also charged. Defendant's answer, inter alia, contains the affirmative defenses of statute of limitations

---

1. See, D.C.Del., 53 F.Supp. 625 and D.C. Del., 63 F.Supp. 248, affirmed, 3 Cir., 151 F.2d 534.

2. See Geller v. Transamerica Corp., D.C. Del., 53 F.Supp. 625; Id., D.C., 63 F. Supp. 248, affirmed 3 Cir., 151 F.2d 534; Zahn v. Transamerica Corp., D.C.Del., 63 F.Supp. 243, reversed 3 Cir., 162 F. 2d 36, 172 A.L.R. 495; Speed v. Transamerica Corp., D.C.Del., 5 F.R.D. 56; Id., D.C., 71 F.Supp. 457; Id., D.C., 103 F.Supp. 47; Friedman v. Transamerica Corp., D.C.Del., 63 F.Supp. 247; Id., D.C., 5 F.R.D. 115; Speed (Friedman and Zahn) v. Transamerica Corp., D.C.Del., 99 F.Supp. 808; 100 F. Supp. 461 and 100 F.Supp. 463.

and laches. Upon stipulation, the parties agreed, pursuant to Fed.Rules Civ. Proc. rule 42(b), 28 U.S.C.A., there should be a separate trial on these issues.

Defendant alleges, as early as September 25, 1944, some or all of plaintiffs had knowledge of facts, or could have received knowledge of facts, which commenced the operation of defendant's asserted defenses of laches, estoppel and waiver.[3] The 20 withheld documents constitute an exchange of correspondence between deponent and another attorney. This occurred 10 months prior to October 25, 1944, and defendant asserts relevancy for the writings will show what information in fact deponent possessed on October 25, 1944.

■ 1. Clearly, a witness can be compelled to produce documents at the time of his deposition, pursuant to subpoena duces tecum. 5 Moore's Federal Practice (2d Ed.), pp. 1730–31; Eastern States Petroleum Co. v. Asiatic Petroleum Corp., D.C.S.D.N.Y., 27 F.Supp. 121, 122; Park Bridge Corporation v. Elias, D.C.S.D.N.Y., 3 F.R.D. 93–94; O'Donnell v. Breuninger, D.C.D.C., 9 F.R.D. 245–248. Likewise, production of documents called for by subpoena duces tecum is within the scope of discovery allowed by F.R. 26(b). Defendant demonstrates beyond question the 20 withheld documents are "relevant" to the defenses of laches, estoppel and waiver.[4] Beler v. Savarona Ship Corporation, D.C.E.D.N.Y., 26 F.Supp. 599; Patterson Oil Terminals, Inc., v. Charles Kurz & Co., D.C.E.D.Pa., 7 F.R.D. 250–251. Judge Modarelli, in Miller v. Sun Chemical Corp., D.C.N.J., 12 F.R.D. 181, at page 182, wrote:

" * * * The scope of examination is defined in Rule 26(b) as ' * * *

any matter, not privileged, which is relevant to the subject matter involved * * *.' The language is broad. It cannot be said that the matters inquired into were not relevant to the subject matter or that they would not 'lead to the discovery of admissible evidence.' Would that judges had the means of divination to forecast the former resulting in the latter with unfailing accuracy. We can only be as accurate as a weather forecaster. Need I say more?"

Thus, under the Federal Rules of Civil Procedure, defendant should have discovery of the 20 documents, unless they are "privileged" within the scope of the "attorney-client privilege" or protected under the "work-product" theory.

■ 2. The classic statement of "attorney-client privilege" is stated by Wigmore in VIII (3d Ed.1940) § 2292:

"(1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) except the protection be waived."

■ 3. The 20 letters of deponent and his correspondent lack the ingredients of privilege. These documents were part of his file in the Geller case for presentation to this Court. None of the letters are identified as communications from a client seeking legal advice. The letters relate solely to availability of evidence obtained from outside sources to support a theory of the complaint which was to be filed in the Geller case. I think such memoranda are with-

3. On March 23, 1945, the deponent, as counsel in Geller v. Transamerica Corp., supra, executed an affidavit which showed the extent of his knowledge of the acts of the defendant complained of.

4. In Rediker v. Warfield, D.C.S.D.N.Y., 11 F.R.D. 125, at page 128 the Court said:

"Moreover, 'relevant' as used in the Federal Rules of Civil Procedure, 28 U.S. C.A., is not to be equated with 'relevant' as ordinarily used in determining admissibility of evidence upon a trial. It is relevancy to the subject matter which is the test. The question of admission into evidence is for the Trial Court. * * *"

out the scope of the "attorney-client privilege" under Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451; Cf. U. S. v. United Shoe Machinery Corp., D.C.Mass., 89 F.Supp. 357. There should be no protection of these 20 documents. In fact, one of plaintiffs' counsel, in support of his objection to the production of the documents, stated they were a part of the work-product of the law firm of which the deponent-lawyer was a member. The "attorney-client privilege", as such, affords no reason, therefore, why letters here in question should not be produced for defendant's inspection.

▮ 4. Moreover, the documents called for by the subpoena duces tecum are not protected from discovery by the "work-product" theory. Deponent has already testified he had never been retained as counsel to represent plaintiffs in the instant action prior to the decision of this Court in Speed v. Transamerica Corp., D.C.Del., 99 F.Supp. 808, on August 8, 1951. His correspondent, in connection with the 20 challenged writings, likewise never represented plaintiffs. It appears all of the correspondence now before the Court was a part of the files dealing with the Geller case and used in the preparation of that case for presentation to this Court. In no sense can these letters—all written in 1943 and more than 8½ years prior to the institution of the case at bar—be a part of plaintiffs' attorneys' "work-product" in the presentation of the *instant case for presentation to this Court.*[5] Defendant, here, seeks not to obtain benefit of the present plaintiffs' counsels' industry in the preparation *of the case at bar* for trial. On the con-

trary, defendant seeks to obtain discovery of facts from which to ascertain what knowledge plaintiffs had in fact and are chargeable with in the instant case.

Defendant's motion should be granted to compel deponent (Daniel O. Hastings, Esq., one of the counsel for plaintiffs) to produce for inspection the 20 withheld letters specified in defendant's motion.

---

5. In Rediker v. Warfield, D.C.S.D.N.Y., 11 F.R.D. 125, at page 128, the Court said: "Nor does the rule with respect to the 'work product of the lawyer', as stated in Hickman v. Taylor, * * * apply. The conversations as to which answers are sought cover the period between No- vember 1, 1949 and August 1, 1950, antecedent to the commencement of the action, and were not in the course of preparation for trial or does it appear that they were in anticipation of prospective litigation. * * *"