**TOBACCO AND ALLIED STOCKS,**
**Inc., et al., Plaintiffs,**

v.

**TRANSAMERICA CORPORATION,**
**Defendant.**
**Civ. No. 1468.**

United States District Court
D. Delaware.
Dec. 6, 1954.

See also 16 F.R.D. 537.

Daniel O. Hastings and Stewart Lynch (of Hastings, Lynch and Taylor), of Wilmington, Del., and Paul, Weiss, Rifkind, Wharton & Garrison, of New York City, for plaintiffs.

Edwin D. Steel, Jr., George T. Coulson and William S. Megonigal, Jr. (of Morris, Steel, Nichols & Arsht), of Wilmington, Del., for defendant.

LEAHY, Chief Judge.

Plaintiffs moved, under Fed.Rules Civ. Proc. rule 26, 28 U.S.C.A., for an order directing all depositions heretofore taken by any of the parties in Friedman v. Transamerica Corp., our Civil Action No. 468, Speed v. Transamerica Corp., our Civil Action 480, and Zahn v. Transamerica Corp., our Civil Action 490,[1] be usable and admissible in the action at bar to the same effect as if originally taken in the instant case. The depositions are extensive, were taken at considerable cost and required much time of counsel and the Court for examination and assimilation.

1. I am unable to find any specific rule or statute which permits use of the subject depositions in this action. Pre-trial depositions were unknown to the common law, and it is only by recently enacted legislation or rules that the privilege of taking and using pre-

1. See Friedman v. Transamerica Corp., D. C.Del., 63 F.Supp. 247; Id., D.C., 5 F.R.D. 115; Speed v. Transamerica Corp., D.C.Del., 5 F.R.D. 56; Id., D.C., 71 F.Supp. 457; Id., D.C., 103 F.Supp. 47; Zahn v. Transamerica Corp., D.C. Del., 63 F.Supp. 243, reversed 3 Cir., 162 F.2d 36; and Speed (Friedman and Zahn) v. Transamerica Corp., D.C.Del., 99 F. Supp. 808, 100 F.Supp. 461, and 100 F. Supp. 463.

trial depositions has been made permissible to parties.[2]

■ The source of authority for depositions in federal courts is recognized in F.R. 26. The rule specifically deals with "use of depositions". In fact, this portion of the rule is a carry over of the common-law rule that evidence adduced in one action is admissible in another (1) if there is an identity of parties or their privies and (2) an identity of issues.[3] Some courts, however, have denied utilization of depositions which are not an integral part of a pending cause.[4] These authorities hold use of depositions is controlled by statute or rule of court and F.R. 26(d) makes it clear depositions taken in an earlier action in a federal court may not be used in a later civil action between different, unrelated parties.

2. Defendant argues there is no identity of issue existing between the Speed, Friedman and Zahn cases and the case at bar and, therefore, the earlier depositions are not admissible in this case. A critical question in the former litigation was whether defendant intended on November 12, 1942, to capture the Axton-Fisher inventory to the detriment of the plaintiffs in that case. Defendant argues plaintiffs in the instant case do not

have the same interest or motive, for their central inquiry is defendant's state of mind on September 18, 1942, at the time they sold their shares to defendant. Defendant says there is no question whatever that defendant at some time formed an intention to liquidate Axton-Fisher, but the master issue here is whether this intention had been formed on September 18, 1942, as far as the present plaintiffs are concerned.[5] In the Friedman and Zahn cases the issues were whether defendant planned on April 30, 1943, to capture for itself the appreciated inventory.[6] In short, defendant argues the minimum requirement of identity of issues does not exist between the earlier cases and any phase of the case now pending at bar.

■ 3. In support of their sought production, plaintiffs contend there are federal cases which hold depositions taken in one action against a party who was present at the time the depositions were taken and had the right to cross-examine are admissible in evidence in another action against the same party where the issues inquired into are the same.[7] I am not certain the present plaintiffs could have participated in the cross-examination at the time these early depositions were being taken in a

2. Young v. Travelers' Ins. Co., D.C.Okl., 2 F.Supp. 624–625; The Place For Taking The Deposition, 4 F.R.D. 374; 26 C.J.S., Depositions, § 3, page 808; Levy v. Kirby, 8 W.W.Harr. 394, 38 Del. 394, 192 A. 696; Heister v. Lehigh & N. E. R. Co., D.C.S.D.N.Y., 50 F.2d 928, 930; Connecticut General Life Ins. Co. v. Smith, Tex.Civ.App., 94 S.W.2d 519.

3. 10 R.C.L. §§ 151–2; S. W. Anderson Co. v. Glenn, D.C.W.D.Ky., 43 F.Supp. 334, 338; United States v. Aluminum Co. of America, D.C.S.D.N.Y., 1 F.R.D. 48; Metropolitan St. Ry. Co. v. Gumby, 2 Cir., 99 F. 192.

4. Wolf v. United Air Lines, D.C.M.D.Pa., 12 F.R.D. 1; United States v. Silliman, D.C.N.J., 6 F.R.D. 262.

5. In Speed v. Transamerica Corp., D.C. Del., 99 F.Supp. 808, 821, I stated the issue in the prior litigation:

"I think the single issue here is whether Transamerica at the time it sent the letter of November 12, 1942 planned to capture the Axton-Fisher inventory by merging, dissolving, or liquidating Axton-Fisher. I think the other arguments by the parties (such as increased value of inventory, fair price, etc.) are dependent upon the proper answer to this single inquiry and are not arguments of independent significance."

6. See, D.C.Del., 99 F.Supp. 808, 845–846.

7. Reliance is had on Scotti v. National Airlines, Inc., D.C.S.D.N.Y., 15 F.R.D. 502; Rivera v. American Export Lines, Inc., D.C.S.D.N.Y., 13 F.R.D. 27; Rice v. United Airlines, Inc., D.C.N.D.Ohio, 10 F.R.D. 161; and Mid-City Bank & Trust Co. v. Reading Co., D.C.N.J., 3 F.R.D. 320.

pending cause to which they were not parties as to that litigation and were strangers. In fact, the present plaintiffs would not have been permitted to examine any of these deponent-witnesses by either direct or cross-examination, for at the time they were not parties to any litigation whatsoever; and it is difficult to follow their argument present defendant had the right to cross-examine at the depositions. But, how could defendant have cross-examined on the plaintiffs' case, here, many years before plaintiffs ever brought suit?

Defendant argues plaintiffs' cited cases ignore the interrelation of the clear language of F.R. 26(d). In short, defendant contends the rule is concerned merely with pending causes when it treats of use of depositions and is silent on the use of depositions taken in a separate or other cause. In this connection, defendant argues the rule-makers in examining the question never intended to subject the deposition practice in civil actions in the United States District Courts to all the vagaries of the rules of evidence obtaining in the different states or made applicable in the federal courts by F.R. 43(a), citing Mercado v. United States, 2 Cir., 184 F.2d 24. Defendant attacks plaintiffs' reliance on Mid-City Bank & Trust Co. v. Reading Co., supra, on the ground the same Court, in a later case, United States v. Silliman, D.C.N.J., 6 F.R.D. 262, rejected the Wigmore theory [8] relied on in the former New Jersey opinion for the utilization of such other depositions.

4. At the present time, I shall not grant plaintiffs' motion to utilize the depositions in question or pass on questions of their admissibility in the pending cause. If the contents of the 26 or more depositions do show, in fact, there is support for the proposition of identity of issues in the several matters which have been in litigation—obviously there is no identity of parties—; or, if the depositions can be shown to contain evidence relevant to the limitations, laches and other issues concerning the affirmative defenses, plaintiffs should be permitted to make a preliminary examination of the depositions, to utilize such depositions for the limited purposes stated. The ruling, therefore, is plaintiffs will be allowed to examine all depositions in the other Transamerica cases, but before any of such material can be admissible, plaintiffs' counsel must point out with specificity what evidence shows intent of Transamerica to capture the Axton-Fisher inventory by merging or dissolving Axton-Fisher prior to September, 1942.

No order will be entered on plaintiffs' present motion on utilization and admissibility of the depositions, but counsel may submit an order in conformity with the views stated herein.

---

8. 5 Wigmore on Evidence, 3d ed., § 1388.